## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| Gary Rex Carter, SSN# (xxx-xx-7040) | ) | **CASE NO:** __18-06119__ |
| aka Gary R Carter, Gary Carter, | ) | |
| | ) | **CHAPTER:** _13_ |
| Annie Mahoney Carter, SSN (xxx-xx-3565) | ) | |
| aka Annie Carter, Annie M Carter, Annie Lee Mahoney, | ) | |
| | ) | |
| 512 Davis Street | ) | |
| Bishopville, SC 29010 | ) | |
| | ) | |
| **DEBTOR.** | ) | |

### NOTICE OF OPPORTUNITY TO OBJECT

The debtor(s) in the above captioned case filed a Chapter 13 plan on December 28, 2018. The plan is attached.

**Your rights may be affected by the plan. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation of the Chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, South Carolina 29201-2423 and served on the Chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the Chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan. Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case. However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.

DATE___ 12/28/18 _____           /s/ Jason T Moss _____
                                  Signature of Attorney

                                  Jason T Moss, Esq. _____
                                  Moss & Associates Attorneys, P.A.
                                  816 Elmwood Avenue
                                  Columbia, South Carolina 29201
                                  (803) 933-0202


                                  _7240_____
                                  District Court I.D. Number

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Gary Rex Carter** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Annie Mahoney Carter** |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** |
| Case number: | **18-06119** |
| (If known) | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

## District of South Carolina
## Chapter 13 Plan                                                    12/17

<hr>

**To Debtor(s):**    **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☑ **Included** | ☐ **Not Included** |
|---|---|---|---|
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☑ **Included** | ☐ **Not Included** |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ **Included** | ☐ **Not Included** |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☑ **Included** | ☐ **Not Included** |

**2.1**    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

 **$1,109.00** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | **Gary Rex Carter** | Case number | **18-06119** |
|--------|---------------------|-------------|--------------|
|        | **Annie Mahoney Carter** |         |              |

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*

☐    The debtor will make payments pursuant to a payroll deduction order.
☑    The debtor will make payments directly to the trustee.
☐    Other (specify method of payment):

_____

**2.3 Income tax refunds.**

*Check one.*

☑    The debtor will retain any income tax refunds received during the plan term.

☐    The debtor will treat income refunds as follows:

_____

**2.4 Additional payments.**

*Check one.*

☑    **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3:    Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan.  Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

☐    None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

☐    **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated.  The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|------------------|-----------|-------------------------------|--------------------------------------------|------------------------------|
| _____ | _____ | Includes amounts accrued through the | | (or more) |

*Insert additional claims as needed.*

☑    **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1.  In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐    **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                                        Best Case Bankruptcy

| Debtor | **Gary Rex Carter** | Case number | **18-06119** |
| | **Annie Mahoney Carter** | | |

of the Judge assigned to this case.  Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed*

☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2** **Request for valuation of security and modification of undersecured claims.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim.  For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i).  Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| KIMBRELLS | $800.00 | HOUSEHOLD GOODS-COUCH, LOVESEAT, TABLE | $200.00 | $0.00 | $200.00 | 6.00% | $5.00 |
| | | | | | | | (or more) |
| SANTANDER CONSUMER USA | $16,652.56 | 2014 KIA SPORTAGE | $13,550.00 | $0.00 | $13,550.00 | 6.00% | $262.00 |
| | | | | | | | (or more) |

| Debtor | **Gary Rex Carter** | Case number | **18-06119** |
| --- | --- | --- | --- |
|  | **Annie Mahoney Carter** |  |  |

*Insert additional claims as needed.*

**3.3      Other secured claims excluded from 11 U.S.C.  § 506 and not otherwise addressed herein.**

*Check one.*

☑      **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4      Lien avoidance.**

*Check one.*

☐      **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked**

☑      The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
| --- | --- | --- | --- | --- | --- | --- |
| REGIONAL FINANCE HOUSEHOLD GOODS | $1,500.00 | $0.00 | 2,000.00 S.C. Code Ann. § 15-41-30(A)(3) | $2,000.00 | $0.00 | 100% |
| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
| REPUBLIC FINANCE HOUSEHOLD GOODS | $2,000.00 | $1,500.00 | 2,000.00 S.C. Code Ann. § 15-41-30(A)(3) | $2,000.00 | $0.00 | 100% |
| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
| SECURITY FINANCE (7040) HOUSEHOLD GOODS | $160.00 | $3,670.00 | 2,000.00 S.C. Code Ann. § 15-41-30(A)(3) | $2,000.00 | $0.00 | 100% |

| Debtor | **Gary Rex Carter** | | | Case number | **18-06119** | |
|--------|---------------------|---|---|-------------|--------------|---|
| | **Annie Mahoney Carter** | | | | | |

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| SECURITY FINANCE (3565) HOUSEHOLD GOODS | $170.00 | $3,500.00 | 2,000.00 S.C. Code Ann. § 15-41-30(A)(3) | $2,000.00 | $0.00 | 100% |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided(to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| **-NONE-** | | | | | | | |

*Insert additional claims as needed.*

3.5      **Surrender of collateral.**

*Check one.*

☑      **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**Part 4:      Treatment of Fees and Priority Claims**

**4.1      General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2      Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3      Attorney's fees.**

a.      The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case.  Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement.  Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.      If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court.  Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

| | | | |
|---|---|---|---|
| Debtor | **Gary Rex Carter** | Case number | **18-06119** |
| | **Annie Mahoney Carter** | | |

**4.4**      **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☑     The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐     <u>**Domestic Support Claims**</u>. 11 U.S.C. § 507(a)(1):

      a.      Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

      b.      The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

      c.      Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☐ <u>**Other Priority debt.**</u> The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5**      **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑     **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

---

**Part 5:**    **Treatment of Nonpriority Unsecured Claims**

---

**5.1**      **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☐    The debtor estimates payments of less than 100% of claims.
☑    The debtor proposes payment of 100% of claims.
☐    The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**      **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑     **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**      **Other separately classified nonpriority unsecured claims.** *Check one.*

☑     **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

---

**Part 6:**    **Executory Contracts and Unexpired Leases**

---

**6.1**      **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑     **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

---

District of South Carolina

Effective December 1, 2017             Chapter 13 Plan             Page 6

| Debtor | **Gary Rex Carter** | Case number | **18-06119** |
|--------|---------------------|-------------|--------------|
|        | **Annie Mahoney Carter** | | |

---

**Part 7:** | **Vesting of Property of the Estate**

**7.1** **Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

---

**Part 8:** | **Nonstandard Plan Provisions**

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

NOTICE: The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of creditor's claim regardless of proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.

**Part I of this Chapter 13 form plan** indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered. In Operating Order 18-04, Judge Waites has otherwise ordered that all objections to the confirmation of a Chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of services of the plan. Therefore, all objections to the confirmation of this Chapter 13 plan must be filed with the Court no later than 21 days after the date of services of this plan.

Statement in Support of Confirmation: Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.

8.1(a) Reservation of Rights: Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.

**3.1(c)** - Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| | | | | | |

District of South Carolina

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Debtor | **Gary Rex Carter** | Case number | **18-06119** |
| | **Annie Mahoney Carter** | | |

| USDA | **DEBTORS RESIDENCE-512 DAVIS STREET, BISHOPVILLE SC 29010, LEE COUNTY, TMS# (030-07-00-222-000)** | **$420.00**<br>Escrow for taxes:<br>X Yes<br>? No<br>Escrow for insurance:<br>X Yes<br>? No | **$14.00**<br>Or more | **$14,000.00** | **$234.00**<br>Or more |
| | | $<br>Escrow for taxes:<br>? Yes<br>? No<br>Escrow for insurance:<br>? Yes<br>? No | $<br>Or more | $ | $<br>Or more |

  * Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.

  ** The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.
**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available.** See the Operating Order of the Judge assigned to this case.
Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

<span style="background:black;color:white">Part 9:</span>  **Signatures:**

9.1       **Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X  **/s/ Gary Rex Carter**                                  X  **/s/ Annie Mahoney Carter**
**Gary Rex Carter**                                             **Annie Mahoney Carter**
Signature of Debtor 1                                        Signature of Debtor 2

Executed on     **December 28, 2018**               Executed on   **December 28, 2018**

X  **/s/ JASON T. MOSS**                            Date   **December 28, 2018**
**JASON T. MOSS 7240**
Signature of Attorney for debtor   DCID#

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT
**DISTRICT OF SOUTH CAROLINA**

| IN RE: | | CASE NO:  18-06119<br>CHAPTER: **13** |
|---|---|---|
| **Gary Rex Carter**<br>**Annie Mahoney Carter** | | |
| | DEBTOR(S) | DEBTORS' STATEMENT<br>IN SUPPORT OF CONFIRMATION |

In connection with the plan dated December 28, 2018, the debtor(s) hereby state that they understand the following:

(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee and/or directly to creditors;

(2) The consequences of any default under the plan including the direct payments to creditors; and

(3) That debtor(s) may not agree to sell property, or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.

Date **December 28, 2018**          By: **/s/ Gary Rex Carter**

Debtor

Date **December 28, 2018**          By: **/s/ Annie Mahoney Carter**

Joint Debtor

ANTRON MAHONEY
512 DAVIS STREET
BISHOPVILLE SC 29010


ASHRO
1112 7TH AVENUE
MONROE WI 53566


ATTORNEY GENERAL OF UNITED STATES
950 PENNSYLVANIA AVE, NW
WASHINGTON DC 20530-0001


CREDIT ONE BANK
PO BOX 60500
CITY OF INDUSTRY CA 91716


FIRST PREMIER BANK
3820 N LOUISE AVE
SIOUX FALLS SD 57107


GINNY'S
1112 7TH AVE
MONROE WI 53566


IRS
PO BOX 7346
PHILADELPHIA PA 19101-7346


KIMBRELLS
49 SOUTH MAIN STREET
SUMTER SC 29150


LEE COUNTY TREASURER
PO BOX 428
BISHOPVILLE SC 29010


RECEIVABLE SOLUTIONS
PO BOX 21808
COLUMBIA SC 29221


REGIONAL FINANCE
1641 SPRINGDALE DRIVE, SUITE C
CAMDEN SC 29020

REPUBLIC FINANCE
554 SOUTH PIKE WEST
SUMTER SC 29150


SANTANDER CONSUMER USA
PO BOX 660633
DALLAS TX 75266


SC DEPT OF REVENUE
PO BOX 12265
COLUMBIA SC 29211


SECURITY FINANCE
207 NORTH MAIN STREET, STE B
BISHOPVILLE SC 29010


SEVENTH AVENUE
1112 7TH AVENUE
MONROE WI 53566


US ATTORNEY'S OFFICE
ATTN DOUG BARNETT
1441 MAIN ST STE 500
COLUMBIA SC 29201


USDA
PO BOX 66827
SAINT LOUIS MO 63166